IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN MICHAEL HASKEW,
    Plaintiff,

vs.                                             Case No.: 3:20cv1435/MCR/EMT

ELIZABETH WARREN, CLERK,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff John Michael Haskew ("Haskew") was an inmate of the Federal Bureau of Prisons ("BOP") when he commenced this case.[1] Haskew filed his initial pleading, a habeas petition under 28 U.S.C. § 2241, in the United States District Court for the District of Columbia (*see* ECF Nos. 1, 2). The District Court for the District of Columbia transferred the § 2241 petition to the Northern District of Florida, because "petitioner **appears to have been detained** at the Federal Prison Camp in Pensacola" (*see* ECF No. 2) (emphasis added). Although Haskew was housed at FPC-Pensacola at one time (*see* ECF No. 1, attached documents), he was apparently in the BOP's home confinement program when he filed his habeas

---

[1] Haskew signed his initial pleading on October 28, 2019 (*see* ECF No. 1 at 8). According to information available on the BOP's public website, he was released from BOP custody on November 25, 2019. He is now serving a 3-year term of supervised released imposed by the United States District Court for the Middle District of Florida. *See United States v. Haskew*, Case No. 8:17cr40/JDW/CPT, Judgment (M.D. Fla. May 8, 2017).

petition, as the address he listed on his petition is 1315 Parker Road, Lakeland, Florida, 33811 (*see* ECF No. 1 at 8). Lakeland is in the Middle District of Florida.

Upon transfer of Haskew's § 2241 petition to this Court, the case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). The undersigned reviewed Haskew's § 2241 petition and determined that despite its label, Haskew did not challenge the validity or duration of any present confinement, and instead challenged the conditions of his past confinement at FPC-Pensacola, specifically, his placement in administrative segregation for seven (7) days, beginning on November 28, 2017, and a 30-day limitation on his telephone privileges beginning on December 5, 2017, pursuant to a disciplinary infraction (*see* ECF No. 1, attached Incident Report). Therefore, the undersigned advised Haskew that any requests for relief concerning federal officials' placing him in administrative confinement and temporarily limiting his telephone privileges must be brought in a civil rights action under 28 U.S.C. § 1331, not a habeas corpus action (*see* ECF No. 5). The court directed Haskew to file an amended pleading on the complaint form for use by pro se litigants in actions under 28 U.S.C. § 1331 (*see id.*).

Haskew responded to the court's order by filing an amended civil rights complaint **and** an amended habeas petition (*see* ECF Nos. 6, 7). Both pleadings are

Case No.: 3:20cv1435/MCR/EMT

nonsensical.  In Haskew's amended civil rights complaint, he names himself as both the Plaintiff and Defendant (ECF No. 7).  Haskew attached a copy of the disciplinary charge ("Incident Report") he received at FPC-Pensacola on November 28, 2017 (*id.* at 10).  The Incident Report charged Haskew with Refusing to Work or Program based upon the following facts:

> On Tuesday, November 28, 2017 at approximately 7:15pm while located in Receiving and Discharge, I gave inmate HASKEW, JOHN REG #68108-018 a direct order take his inmate identification card and return back to his housing unit.  At which time inmate HASKEW stated "I cannot do that sir".  He stated previously that "he cannot remain in possession of his identification card and that by signing it and returning it to the Bureau of Prisons that he was no longer a financial obligation to the BOP and must then be free".

(ECF No. 7, attached Incident Report).  The Unit Disciplinary Committee ("UDC") held disciplinary proceedings on December 4, 2017 (*see id.*).  Haskew told the UDC he "did not intend to object to his process" (*id.*).  The UDC found Haskew guilty of the disciplinary infraction, based upon the facts alleged in the Incident Report, and limited Haskew's telephone privileges for 30 days, beginning on December 5, 2017 (*id.*).

In the Statement of Facts section of Haskew's Amended Complaint, he states the following:

1. Defendant died (sentenced) May 8, 2017.
2. Defendant's body (paper) was transferred to Columbia.

(ECF No. 7 at 4). Haskew also attached a separate page with the following facts:

> Plaintiff's painful attempt to get administrative relief:
>
> 1. I entered Columbia (prison) June 15, 2017. I knew America wanted me to give them something, but I didn't know what. I thought maybe they wanted my inmate card. Therefore November 28, 2017 I gave the card to my unit counselor. I refused to take it from her hand. She called other guards and the assistant warden. They sent me to the special housing unit immediately.
>
> 2. The special housing unit is a county jail. I refused to sign the booking document. I refused to touch the jail i.d. card. I refused to walk into the jail cell. The deputy said they would put me in by force if I did not enter. They hid my jail card in my blanket issue. I could not access the jail commissary system.
>
> 3. On the fourth day two employees from the prison came and presented the violation. I pleaded guilty to refusing to program.
>
> 4. On the seventh day a jail deputy took back my jail card. Guards from the prison took me back to the prison. I found my prison card in my boxed personal property. The psychologist documented me insane. The warden increased my custody level. The warden transferred me to America (halfway house) nineteen months later. I realized maybe America wants the information document.

(ECF No. 7 at 9).

In the Statement of Claims section of the Amended Complaint, Haskew states, "Defendant's body may not be transferred (forfeited) after death. Constitution, art. III, sec. 3" (ECF No. 7 at 6). Haskew requests the following alternative forms of relief: (1) that the court order the clerk to "take a picture of Defendant's body and

e-mail it to Plaintiff" or (2) "issue a warrant to arrest the body and return it to America" (*id.* at 6).

The constitutional provision under which Haskew brings his claim provides: "That Congress shall have the power to declare the Punishment of Treason, but no Attainder of Treason shall work corruption of the blood, or forfeiture except during the life of the person attained." U.S. Const. Art. III § 3, cl. 2. This constitutional provision prohibits the forfeiture of a person's estate by reason of a federal criminal conviction. It has no application to the prison disciplinary proceeding which resulted in Haskew's 7-day stint in administrative segregation and the 30-day limitation on his telephone privileges.

Furthermore, Haskew's allegations do not state a plausible violation of any other constitutional provisions under which prisoners challenge prison disciplinary decisions. The temporary limitation of Haskew's telephone privileges does not implicate a constitutionally protected liberty interest such that the protections of the Due Process Clause were implicated. *See Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995) (a prisoner can be deprived of his liberty such that due process is required in two contexts: (1) "when a change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court"; or (2) "when the state has consistently bestowed a certain benefit to prisoners, usually through statute or administrative policy, and the

deprivation of that benefit imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'"). The temporary limitation of Haskew's telephone privileges also does not constitute cruel and unusual punishment under the Eighth Amendment. *See Hudson v. McMillian*, 503 U.S. 1, 8–9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (in order for a prisoner to state an Eighth Amendment claim concerning the conditions of his confinement, the prisoner must prove that the condition he complains of is "extreme"). Haskew's allegations do not suggest that the disciplinary decision was retaliatory or otherwise violative of the First Amendment; nor do his allegations suggest that the decision violated the Equal Protection Clause.

Moreover, the injunctive relief Haskew seeks in his Amended Complaint (i.e., an order directing the clerk to take a picture of his body and e-mail it to him, or the issuance of a warrant to arrest him and return him to America) is not only bizarre but wholly unrelated to the BOP's disciplinary action.

Haskew's amended habeas petition does not make any more sense than his Amended Complaint. He names the Warden of FPC-Pensacola as Respondent, and states the following as his sole claim for relief:

> GROUND ONE: Respondent did not notify Surety of form BP-A0297 (28 C.F.R. 527.43(b)(2)).
>
> 1. Surety returned "Inmate Identification Card" to Respondent.

Case No.: 3:20cv1435/MCR/EMT

    2. Respondent refused return.

    3. Respondent did not provide form BP-A0297 instead.

(ECF No. 6 at 6). As relief, Haskew requests that the court "order Respondent to return Petitioner to United States of America" (*id.* at 7).

Haskew attached a form BP-A0297 (the form he referenced in his amended petition) to his initial § 2241 petition (*see* ECF No. 1, attachment). The form is titled Transfer Inquiry and Review and is apparently used to notify foreign national inmates about the International Prisoner Transfer Program and the procedures to follow to apply for a transfer from the United States to the country of which the inmate is a citizen or national. *See* 28 C.F.R. § 527.43. The form submitted by Haskew indicates "United States" as the country of his citizenship.

The claim asserted in Haskew's habeas petition is frivolous. The BOP had no obligation to notify him of the International Prisoner Transfer Program or its procedures because Haskew was not a foreign national inmate. Further, since Haskew is in the United States of America, an order requiring Warden Woods to transfer him to the United States is moot.

In sum, the only thing that is clear from Haskew's pleadings is that they fail to state a cognizable claim under either the federal habeas statute or civil rights laws, and he is not entitled to any of the relief he seeks. Haskew's claims should thus be dismissed.

Case No.: 3:20cv1435/MCR/EMT

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiff's claims be **DISMISSED with prejudice** for failure to state a plausible claim for relief under 28 U.S.C. § 2241 or 28 U.S.C. § 1331;

2. That all pending motions be **DENIED as moot**; and

3. That the clerk of court be directed to enter judgment accordingly and close the case.

At Pensacola, Florida, this 28th day of February 2020.

/*s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.: 3:20cv1435/MCR/EMT